Tony Faryar Farmani (State Bar No. 211101)
FARMANI, APLC
P.O. Box 8727
Rancho Santa Fe, CA 92067
Phone: 310-926-1150
Fax:    619-923-2975
E-Mail: tffarmani@aol.com

Attorney for *Petitioner*
SERGIO A. CADAVID



FILED
CLERK, U.S. DISTRICT COURT

SEP - 5 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SERGIO A. CADAVID,<br><br>                    Petitioner,<br><br>v.<br><br>WILLIAM SULLIVAN, Warden<br><br>                    Respondent. | Case No.: CV 04-00289-BRO (AJW)<br><br>~~[PROPOSED]~~ ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>Judge: Honorable Andrew J. Wistrich |

GOOD CAUSE HAVING BEEN SHOWN, the stipulated protective order submitted by the parties is hereby GRANTED.

1. All information that is subject by law to the attorney-client, work-product privileges and/or Fifth Amendment privilege against self-incrimination, which may include but is not limited to: (a) testimony, and any and all statements (sworn or unsworn), regarding conversations and meetings between Petitioner and his trial counsel Brenda A. Vargas (hereafter "trial counsel"), and other defense team members and experts, relating to the case of *The People of the State of California v. Sergio Alberto Cadavid*, Superior Court Case No. VA056279 (such as statements about the nature of the charges, potential defenses, defense strategy, any consequences of conviction, and willingness to plead to any offense); (b) declarations from trial counsel

- 1 -

1  and defense team members, produced in this matter, or filed with, or otherwise

2  submitted, to this Court; and (c) testimony at the evidentiary hearing by Petitioner, trial

3  counsel, and any trial defense team member, shall be subject to the following

4  protection:

5      a.    Said materials may be used by Respondent for the sole purpose of

6  litigating the instant federal habeas corpus case, and may not be used against Petitioner

7  for any other purpose, including any criminal retrial or sentencing that might occur; and

8      b.    Respondent shall not disclose any of the materials or their contents to any

9  person or entity outside of the California Department of Justice, excluding any expert

10  consultants/witnesses retained by a party for the express purpose of assisting in the

11  resolution and adjudication of the claim or claims, the assertion of which compelled the

12  limited waiver in the first place.  Any such retained expert consultants or witnesses

13  shall agree in writing to the terms of the protective order and shall be bound by it.

14  Respondent shall not disclose any protected materials or their contents to any other

15  person or entity, including law enforcement personnel not employed by the California

16  Department of Justice, or criminal prosecutors not employed by the California

17  Department of Justice, without the express written permission of counsel for the

18  petitioner or an order from this Court.

19      2.    Under *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc) and

20  *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012), disclosure of privileged documents

21  from trial counsel's files and the files of other defense team members, as well as

22  privileged testimony and statements provided by trial counsel, any trial defense team

23  member, and Petitioner, at a prehearing investigation, deposition, motion hearing, or

24  evidentiary hearing, does not constitute a waiver of Petitioner's rights under the Fifth

25  and Sixth Amendments for any other purpose, including a possible retrial or

26  resentencing.

27      3.    Should the actual use of materials covered by the protective order occur

28  during the course of the instant litigation, so that the protected materials would

1   normally become part of the public record, the court will balance the Petitioner's right

2   to confidentiality against principles of open courts, public trials, and judicial

3   accountability, in determining what, if any, additional protective measures are

4   warranted.

5        4.     If the information to be used in this case could be used to Petitioner's

6   detriment in another case, including any criminal retrial, then the court will consider

7   further protective measures, such as sealing orders, closed courtroom proceedings,

8   redaction or other such measures that would be necessary to adequately protect the

9   petitioner's rights.  If the information is technically privileged, but the prospect of

10  prejudice to the petitioner outside of this case is nevertheless unapparent, then no such

11  further protective measures will be employed, as the important interests in public

12  judicial proceedings will outweigh the need for additional protective measures.  The

13  evidence used shall be admitted in the normal course of the proceedings, and shall be

14  made part of the public record.  It shall the be the burden of the party asserting the

15  privilege to demonstrate that inclusion of technically protected information in the

16  public record would be prejudicial.

17       5.     Petitioner's limited waiver of the attorney-client and/or work product

18  privilege is not enlarged or negated by the inclusion of protected materials in the public

19  record. "The attorney-client privilege is a rule of evidence." *Wharton v. Calderon*, 127

20  F.3d 1201, 1205 (9th Cir. 1997).   Thus, the primary protection afforded by this

21  evidentiary privilege is to prevent the use of the evidence against the privilege holder

22  in a judicial proceeding, not to preclude the mere disclosure of the material. Petitioner

23  shall still have the right to enforce and assert his privilege should there be an attempt

24  to use said materials to his detriment outside the confines of this specific case.  This

25  rule is consistent with the current state of the law in California, where similar

26  information disclosed in the context of state collateral review proceedings is deemed

27  inadmissible in a criminal retrial. *People v. Ledesma*, 39 Cal. 4th 641 (2006).

28  ///

6.  This order shall remain in effect after the conclusion of the habeas corpus proceedings, and shall apply in the event of a retrial of all or any portion of Petitioner's criminal case.  Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

**IT IS SO ORDERED.**

DATED: <u>9.5.2017</u>

HONORABLE ANDREW J. WISTRICH
United States Magistrate Judge